UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO D.,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>  Defendant. | Case No.: 3:20-cv-00639-AHG<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[ECF No. 22] |

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 22. For the reasons set forth below, the Court **GRANTS** the motion.

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against Former Commissioner Andrew Saul, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff Roberto D. ("Plaintiff") filed this action on April 1, 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on April 22, 2020. ECF No. 4. The administrative record was filed on December 19, 2020. ECF No. 12. On February 2, 2021, Plaintiff timely filed his merits brief. ECF No. 16; *see* ECF No. 15 (granting extension of filing deadline). ECF No. 9. On March 5, 2021, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), which sought a remand and entry of judgment in favor of Plaintiff. ECF No. 17. The same day, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administration action, and entered a final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. ECF No. 18. A Clerk's Judgment was entered on March 5, 2021. ECF No. 19. On remand, the Commissioner awarded Plaintiff $63,818.00 in total past due benefits. ECF No. 22 at 5;[2] ECF No. 22-3 at 3. On May 28, 2021, pursuant to a joint motion, the Court awarded Plaintiff $2,350.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 21.

In the instant motion, Plaintiff's counsel seeks an order awarding Matthew Holmberg (Plaintiff's counsel) attorney fees in the amount of $8,754.00 for representing Plaintiff in this action, offset by the $2,350.00 in EAJA fees awarded by the Court, for a net award of $6,404.00. ECF No. 22 at 5 ("This Court should order the payment of attorney fees in the amount of $8,754.00, and further order the Rohlfing firm to reimburse Roberto D[] the amount of $2,350.00 for the EAJA fees previously paid"); *id*. at 12 ("… for a net cost to plaintiff of $6,404.00"); *see also id*. at 5 (agency withheld

---

[2] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

$15,954.50 from Plaintiff's past due benefits) (citing ECF No. 22-3). Plaintiff did not oppose his counsel's request. The Commissioner has taken no position on the reasonableness of counsel's request. ECF No. 27 at 2 ("Defendant neither supports nor opposes counsel's request for attorney[] fees").

## II. LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[3] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be

---

[3] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

### III.  DISCUSSION

On March 5, 2020, Plaintiff and Mr. Holmberg entered into a Social Security Representation Agreement ("Agreement"). ECF No. 22-1. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of 25% of past-due benefits awarded by the Commissioner. *Id.*[4] The administrative proceedings became final on September 4, 2023, when the Social Security Administration issued its Notice of Award. *See* ECF No. 22-3 at 1. Plaintiff's counsel seeks a total award of $8,754.00 in attorney fees and "bases this fee on 25% of the net payable past due benefits[,]" with the actual percentage equaling 13.7%. ECF No. 22 at 6, 7; *see* ECF No. 22-3 at 3 (awarding Plaintiff $63,818.00 in total past due benefits). Counsel argues that his request is reasonable "based on the character of the representation and the results achieved," explaining that there is "no quarrel with the quality of services performed, [] no unwarranted delay, and [noting that] counsel has voluntarily taken a modest haircut on fees," ECF No. 22 at 11, 12. Additionally, if granted by the Court, this award would then be further reduced by the $2,350.00 that has already been received in attorney fees under the EAJA. *Id.* at 5, 12 (crediting the amount

---

[4] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A)) *with* ECF No. 22-1.

of $2,350.00 for the EAJA fees, for a net award of $6,404.00).

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel and his paralegal expended 12.42 hours on this case.[5] *Id.* at 12. The *de facto* hourly rate is $943.22,[6] and although this rate appears rather high, fees within this general range have been approved by courts in similar cases, including in this district.[7] *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Reddick v. Berryhill*, No. 16cv29-BTM-BLM, 2019 WL 1112080, at *2–*3 (S.D. Cal. Mar. 11, 2019) (collecting cases and approving de facto hourly rate of $1,080.26 for 21.6 hours of work); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55); *Martinez v. Berryhill*, No. 13-cv-272-JLS-JLB, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement,

---

[5] While every case is different, the amount of time spent on this case is quite modest compared to the typical range in social security appeals. *See Jalal H. v. Comm'r of Soc. Sec. Admin.*, No. 3:22cv2043-AHG, 2023 WL 3295182, at *2 (S.D. Cal. May 5, 2023) (finding a total of 12.25 hours billed by counsel and paralegal to be modest); *see, e.g.*, *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases").

[6] *See* ECF No. 22 at 7 n.3 (calculation).

[7] The Court notes that the cases cited by Plaintiff's counsel from the Central District of California are not persuasive.

[and] and the fee does not exceed … the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 22-4. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). ECF No. 22. The Court **AWARDS** Matthew F. Holmberg, of the Law Offices of Lawrence D. Rohlfing, Inc. CPC, § 406(b) attorney fees in the amount of $8,754.00.

As discussed above, Mr. Holmberg previously received an EAJA fee award of $2,350.00, (*see* ECF No. 21), and "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal alterations omitted). As such, the Commissioner is **DIRECTED** to certify payment of a fee award of **$8,754.00**, made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, and delivered to Matthew F. Holmberg, out of Plaintiff's past-due benefits in accordance with agency policy. The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$2,350.00** in EAJA fees that counsel previously accepted for work before the Court.

**IT IS SO ORDERED**.

Dated:  May 9, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge